IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRIAN DAVIS, | ) |
| | ) No. 2:23-cv-1975 |
| Plaintiff, | ) |
| | ) |
| v. | ) Judge Robert J. Colville |
| | ) |
| THE ALBERT M. HIGLEY COMPANY, LLC, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

Robert J. Colville, United States District Judge

Before the Court is a Motion to Certify Issue for Interlocutory Appeal ("Motion to Certify") (ECF No. 29) filed by Plaintiff Brian Davis. Plaintiff argues that this Court's March 7, 2025 Memorandum Opinion (ECF No. 27) and Order of Court (ECF No. 28) addressing a Motion to Dismiss (ECF No. 15) filed by Defendant the Albert M. Higley Company, LLC involved a controlling issue of law, specifically "whether the Pennsylvania Human Relations Act provides an otherwise qualified individual with a disability the right to a reasonable accommodation in the employment setting notwithstanding his legal use of medical marijuana," ECF No. 29 at 1, to which there is a substantial ground for difference of opinion. He asserts that an appeal on this issue may materially advance the ultimate termination of this matter, and thus asks the Court to certify its March 7, 2025 Order for interlocutory appeal to the extent the Order pertains to the dismissal of Count II of Plaintiff's Operative Amended Complaint (ECF No. 13). Defendant has filed a Response in Opposition (ECF No. 31) to Plaintiff's Motion to Certify. The Court has

1

jurisdiction in this matter pursuant to 28 U.S.C. § 1332(a).  The Court considers Plaintiff's Motion to be fully briefed and ripe for disposition.

The Court discussed the factual background and procedural history of this case at length in its March 7, 2025 Memorandum Opinion, and it incorporates the same herein by reference.  By way of his Amended Complaint, Plaintiff asserted two claims against Defendant: (1) wrongful failure to hire in violation of Pennsylvania's Medical Marijuana Act, 35 P.S. § 10231.101 et seq., ("MMA") (Count I); and (2) disability discrimination – failure to accommodate – in violation of the Pennsylvania Human Relations Act, 43 Pa. Stat. § 954, ("PHRA") (Count II).  The Court denied Defendant's Motion to Dismiss as to Count I, but granted the Motion as to Count II and dismissed Plaintiff's PHRA claim with prejudice.

A district court may certify an order for interlocutory appeal if it determines that the order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).  Section 1292(b) therefore sets out three requirements that district courts consider before granting leave to file an immediate interlocutory appeal: (1) whether the order involves a controlling question of law; (2) whether there is a substantial ground for difference of opinion as to that question of law; and (3) whether immediate appeal from the order would materially advance the ultimate termination of the litigation.  *See Koerner v. Hankins*, 2012 WL 464871, at *1-2 (W.D. Pa. Feb. 13, 2012).  The party seeking interlocutory appeal bears the burden of proving that all three of the certification requirements have been met, though even if all statutory criteria are met, the decision to grant certification remains wholly within the discretion of the district court.  *Koerner*, 2012 WL 464871 at *2 (citing *Bachowski v. Usery*, 545 F.2d 363, 368 (3d Cir. 1976)).

With respect to the three certification requirements, the United States District Court for the District of New Jersey has aptly explained:

### 1. Controlling question of law

The Third Circuit has defined a "controlling question of law" as encompassing not only "every order which, if erroneous, would be reversible error on final appeal," but also those orders which are "serious to the conduct of the litigation, either practically or legally." [*Katz v. Carte Blanche Corp.,* 496 F.2d 747, 755 (3d Cir. 1974)]. On a practical level, saving the district court's time and the litigants' expenses is "a highly relevant factor." *Id.* Even an order involving the exercise of discretion may be considered a controlling question of law if it "truly implicates the policies favoring interlocutory appeal." *Id.* at 756. A district court is to be guided "by a practical application of those policies, not by a mechanical application of labels such as 'discretionary' or 'nondiscretionary.'" *Id.*

### 2. Substantial ground for difference of opinion

Section 1292(b)'s second factor, a substantial ground for difference of opinion, "must arise out of genuine doubt as to the correct legal standard." *In re Dwek*, 2011 WL 487582, at *4 (D.N.J. Feb.4, 2011) (quotation and citation omitted). Such doubt can stem from conflicting precedent, the absence of controlling law on a particular issue, or novel and complex issues of statutory interpretation. *See New Jersey, Dept. of Treasury v. Fuld*, 2009 WL 2905432, at *2 (D.N.J. Sept.8, 2009) (citations omitted). However, a movant's mere disagreement with the district court's ruling is not a substantial ground for difference of opinion. *In re Dwek*, 2011 WL 487582, at *4.

### 3. Materially advance termination of litigation

A § 1292(b) certification materially advances the ultimate termination of the litigation where the interlocutory appeal eliminates: (1) the need for trial; (2) complex issues that would complicate the trial; or (3) issues that would make discovery more costly or burdensome. *See Fuld*, 2009 WL 2905432, at *2 (citing *Orson, Inc. v. Miramax Film Corp.*, 867 F.Supp. 319, 322 (E.D.Pa.1994)).

*Litgo New Jersey, Inc. v. Martin*, Civ. No. 06-2891 (AET), 2011 WL 1134676, at *2–3 (D.N.J. Mar. 25, 2011).

Plaintiff asserts that this Court's dismissal of his PHRA claim involves a controlling question of law that, if erroneously ruled upon, would be reversible error on final appeal. He argues that, as currently positioned, Plaintiff's MMA claim will proceed in this litigation while he

is required to wait until the resolution of this matter to appeal the Court's decision as to his PHRA claim. An interlocutory appeal, Plaintiff argues, would eliminate the possibility that Plaintiff might have to litigate each of his claims separately.

The Court agrees with Defendant that Plaintiff has misinterpreted the "breadth and magnitude of the Court's Order and Opinion," ECF No. 33 at 4, in submitting his proposed controlling question of law. Plaintiff argues that "the result of the Court's decision is that *no employee certified to use medical marijuana could have a claim under the PHRA, even when he has identified separate disabilities that would otherwise warrant a reasonable accommodation.*" ECF No. 30 at 3. A plain reading of the Court's Memorandum Opinion does not provide or allow for such an interpretation.

Importantly, in arguing that he could be reasonably accommodated under the PHRA, Plaintiff's Amended Complaint and his Brief in Opposition to the Motion to Dismiss relied primarily, and nearly exclusively, on argument that Plaintiff's continued use of medical marijuana constituted a reasonable accommodation for Plaintiff's anxiety, depression, and ADHD under the PHRA. *See* ECF No. 17 at 12-13 ("Mr. Davis sufficiently pleaded that he could have been reasonably accommodated. . . . Mr. Davis made a number of suggestions as to what accommodations would work for him: he offered to provide a note from his doctor to continue the conversation *about his prescription use*; and, he offered *to restrict his use during certain periods of time*. As such, Mr. Davis showed Defendant h*ow he believed he could overcome the limitations his disabilities imposed*." (emphasis added) (citing Am. Compl. ¶¶ 20; 23); *id.* at 16 ("Reading the MMA together with the PHRA, the statutes compel employers *to accommodate the off-duty use of medical marijuana* unless they can prove an undue hardship or another defense." (emphasis added)).

4

>In its Memorandum Opinion, the Court explained:
>
>>The sole issue on appeal in *HACC* was whether the anti-discrimination provisions of the PHRA require accommodation of an individual's lawful use of medical marijuana. In ruling against the PHRC and the student in *HACC*, the Commonwealth Court of Pennsylvania answered that question in the negative. Accordingly, Plaintiff cannot state a claim for failure to accommodate under the PHRA for Defendant's *failure to accommodate his medical marijuana use*.

ECF No. 27 at 19 (emphasis added). To be clear, the Court did not hold that an individual with a disability who is also a medical marijuana user is not entitled to *any* reasonable accommodation for their disability under the PHRA. Rather, the Court simply held that continued marijuana use is not a reasonable accommodation under the PHRA. Accordingly, Plaintiff's proposed controlling question of law is too broadly defined, and the Motion to Certify will be denied for that reason. Plaintiff's continued marijuana use, and particularly whether such use could constitute a reasonable accommodation for Plaintiff's disabilities under the MMA and/or the PHRA, was at the forefront of the parties' briefing, and, thus, the Court's analysis.

That said, Plaintiff's point is not entirely lost on this Court. In focusing on Plaintiff's primary argument, i.e., whether the PHRA could possibly require employers to permit the use of medical marijuana as an accommodation for a disability, the Court failed to give due consideration to an argument raised, albeit as a secondary argument, in the Amended Complaint, Plaintiff's prior briefing, and Plaintiff's current briefing, that is, whether Plaintiff sufficiently alleged a violation of the PHRA for Defendant's failure to engage in the interactive process that would have taken into account possible accommodations *other* than Plaintiff's continued medical marijuana use. In raising that issue, the Court believes that Plaintiff's Motion to Certify also advances argument in support of potential reconsideration of the Court's decision to dismiss Count II.

"A court has the power to revisit prior decisions of its own or of a coordinate court in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary

5

circumstances such as where the initial decision was clearly erroneous and would make a manifest injustice." *In re Pharmacy Benefit Managers Antitrust Litig.*, 582 F.3d 432, 439 (3d Cir. 2009) (quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988)). A district court may consider its prior interlocutory orders sua sponte. *DeFranco v. Wolfe*, 387 F. App'x 147, 157 (3d Cir. 2010). "Although district courts have the inherent power to reconsider an interlocutory decision, '[c]ourts tend to grant motions for reconsideration sparingly and only upon the grounds traditionally available under Fed. R. Civ. P. 59(e).'" *Deeters v. Phelan Hallinan & Schmieg, LLP*, No. 3:11-cv-252, 2013 WL 6524625, at *2 (W.D. Pa. Dec. 12, 2013) (quoting *A & H Sportswear Co., Inc. v. Victoria's Secret Stores, Inc.*, CIV. A. 94–7408, 2001 WL 881718, at *1 (E.D. Pa. May 1, 2001)). Under Rule 59(e), a court may reconsider its order where "the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir.1995)).

It is clear under Third Circuit precedent that a motion for reconsideration should not be used to merely reargue matters that have already been argued and decided, and further should not be used to present new arguments or evidence that could have been raised prior to the court's entry of the order in question. *See Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3d Cir. 1995) (holding that "[w]hatever other circumstances may justify reconsideration, mere presentation of arguments or evidence *seriatim* does not[,]" and quoting *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990) for the proposition that "reargument 'should not

be used as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided.'"); *see also MMG Ins. Co. v. Guiro, Inc.*, 432 F. Supp. 3d 471, 475 (M.D. Pa. 2020) ("Likewise, a motion for reconsideration may not be used to present a new legal theory for the first time, to raise new arguments that could have been made in support of the original motion, and should not ask the court to rethink a decision that it has already made." (citations omitted)).

> In his Brief in Support of the Motion to Certify, Plaintiff provides as follows:
>
> Moreover, as discussed further below, Mr. Davis does not merely assert that the PHRA requires an accommodation for the off-duty use of medical marijuana. Rather, he alleges that Defendant failed to accommodate his disabilities of anxiety, depression, and ADHD, including delaying his start date until he found another suitable medication to manage his disabilities.

ECF No. 30 at 4 (footnote omitted). A review of Plaintiff's Amended Complaint and his Brief in Opposition to the Motion to Dismiss confirms that this issue was raised while the Motion to Dismiss was pending, and the issue has thus not been waived. *See* ECF No. 17 at 19 ("Finally, even if the Court agrees with *HACC* that the PHRA does not require the accommodation of off-duty medical marijuana use, Mr. Davis has alleged 'Defendant summarily rescinded its offer of employment without exploring ways that his disabilities could be accommodated, such as by refraining from using medical marijuana altogether.' A reasonable jury could conclude, for example, that it would have been feasible for Defendant to delay Mr. Davis's start date until such time as he found another suitable medication to manage his disabilities. Defendant failed to explore this option, and instead summarily rescinded his employment offer. The student in *HACC*, on the other hand, identified no accommodation she may have accepted other than to be permitted to use medical marijuana. Thus, even if this Court follows *HACC*, Mr. Davis has identified a

failure to engage in the interactive process not present in that case." (quoting Am. Compl. ¶ 38, ECF No. 13)).

The Court agrees with Plaintiff that his allegations respecting the interactive process in this case, and whether the process should have involved discussion of accommodations outside of continued medical marijuana use, present an issue of fact that is not ripe for disposition at this juncture. Plaintiff has alleged that he suffers from disabilities (anxiety, depression, and ADHD), and has averred facts that could plausibly support a finding that Defendant failed to engage in the interactive process in good faith after learning of those disabilities and Plaintiff's request for an accommodation. In addressing the interactive process anticipated by the ADA regulations, the Third Circuit has explained:

> In short, an employer who has received proper notice cannot escape its duty to engage in the interactive process simply because the employee did not come forward with a reasonable accommodation that would prevail in litigation. Participation is the obligation of both parties, however, so an employer cannot be faulted if after conferring with the employee to find possible accommodations, the employee then fails to supply information that the employer needs or does not answer the employer's request for more detailed proposals. And while a specific request may not always be necessary to initiate the process, it certainly helps bolster the employee's claim that the employer knew that the employee wanted accommodations.
>
> The interactive process does not dictate that any particular concession must be made by the employer; nor does the process remove the employee's burden of showing that a particular accommodation rejected by the employer would have made the employee qualified to perform the job's essential functions. *See Walton v. Mental Health Association of Southeastern Pennsylvania*, 168 F.3d 661, 670 (3d Cir. 1999). All the interactive process requires is that employers make a good-faith effort to seek accommodations.
>
> Employers can show their good faith in a number of ways, such as taking steps like the following: meet with the employee who requests an accommodation, request information about the condition and what limitations the employee has, ask the employee what he or she specifically wants, show some sign of having considered employee's request, and offer and discuss available alternatives when the request is too burdensome. These steps are consistent with the recommendations in the EEOC's interpretive guideline. *See* 29 C.F.R. Pt. 1630, App. § 1630.9 at 359–61.

8

> We do not think this process is especially burdensome. As we found in [*Mengine v. Runyon*, 114 F.3d 415 (3d Cir. 1997)], the Postal Service engaged in good faith in the interactive process when it exchanged a number of letters with an employee in an effort to identify a vacant position for reassignment and sent the employee multiple job descriptions of vacant positions. *Mengine*, 114 F.3d at 421.

*Taylor v. Phoenixville Sch. Dist.*, 184 F.3d 296, 317 (3d Cir. 1999). Construing the facts in a light most favorable to Plaintiff, Defendant's participation in the interactive process was limited to a single email exchange and involved a request for documentation that a licensed physician was apparently unable to provide. Defendant then summarily rescinded its offer of employment. The Court believes that the issue of good faith is a factual question that cannot be resolved at this time.

The Court further notes that Plaintiff finds support for his argument in the United States District Court for the Eastern District of Pennsylvania's decision in *Hudnell*, wherein the Eastern District allowed a similar claim to survive where the employee sought several accommodations and had "alleged a disability apart from her medical marijuana use." *Hudnell v. Thomas Jefferson Univ. Hosps., Inc.*, No. CV 20-01621, 2021 WL 63252, at *2 (E.D. Pa. Jan. 7, 2021); *see also id.* at *2 n.2 (To the extent [defendant] intends this to be an independent argument to dismiss [plaintiff's] failure to accommodate claim, it fails because [plaintiff] alleges that she requested several accommodations besides marijuana use and that [defendant] failed to engage in the interactive process."). That said, Plaintiff seemingly acknowledges that *Hudnell* does not explicitly support his argument that the PHRA requires an employer to permit marijuana use as an accommodation. *See* ECF No. 30 at 6 ("Rather, he alleges that the conditions for which he was prescribed medical marijuana—anxiety, depression, and ADHD—are disabilities that merit a reasonable accommodation, *such as allowing him time to refrain from using medical marijuana*." (emphasis added)).

To be clear, the Court stands by its decision that the PHRA does not require employers to permit continued use of medical marijuana as an accommodation for a disability. While case law on the issue is sparse, a Pennsylvania court of appeals has provided an answer on that front, and Plaintiff fails to cite to a case that directly supports his position. Accordingly, the Court finds that there is not substantial ground for difference of opinion as to that issue, and further finds that an interlocutory appeal will not advance the termination of this matter, particularly now that Plaintiff's PHRA claim will survive on another ground. The Court denies Plaintiff's Motion to Certify for that reason.

That said, the Court finds that reconsideration of its Order dismissing Count II is warranted. Plaintiff has stated a claim for failure to accommodate based upon Defendant's failure to engage in the interactive process as required. Count II is hereby reinstated only to the extent that it asserts that Defendant failed to engage in the interactive process in good faith by failing to discuss or consider reasonable accommodations *other* than Plaintiff's marijuana use.

## Order of Court

For the reasons discussed above, Plaintiff's Motion to Certify Issue for Interlocutory Appeal (ECF No. 29) is denied. That said, the Court has reconsidered its Order dismissing Count II, and Count II is reinstated consistent with the discussion above. Defendant shall file an amended answer by April 25, 2025. All other deadlines set by this Court shall remain in place.

BY THE COURT:

*/s/Robert J. Colville*
Robert J. Colville
United States District Judge

DATED: April 11, 2025

cc: All counsel of record